IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                         No. 3:16-cr-00067-HZ

                Plaintiff,

     v.

RAMUIEL TALPAS,                                   OPINION & ORDER

                Defendant.

Billy J. Williams
UNITED STATES ATTORNEY
District of Oregon
Michelle Holman Kerin
Peter Sax
ASSISTANT UNITED STATES ATTORNEYS
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

       Attorneys for Plaintiff

C. Renée Manes
ASSISTANT FEDERAL PUBLIC DEFENDER
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

       Attorney for Defendant

1 - OPINION & ORDER

HERNANDEZ, District Judge:

On February 10, 2016, Defendant Ramuiel Talpas was indicted on one count of illegal reentry in violation of 8 U.S.C. § 1326.  He presently moves to dismiss the indictment.[1]  I deny the motion.

Although Defendant was not indicted on the present charge until February 2016, he had already appeared in this Court.  In a 2013 case, Defendant was convicted of one count of conspiracy to commit the crime of interstate transportation of stolen property.  J. of Conviction in 3:13-cr-00007-HZ, ECF 107; see also Am. J., ECF 111, ECF 136.  He was sentenced to time served and a three-year term of supervised release.  Id.  The standard conditions of supervised release included a prohibition on new law violations.  Id.  His special conditions of supervised release included the following:

> If deported, the defendant shall not enter the United States without reapplying to, and receiving approval from, the Department of Homeland Security and without prior notification to the U.S. Attorney and the U.S. Probation Office for the District of Oregon. Defendant shall not commit any new federal, state or local crimes.

Id.

In December 2015, Defendant was charged in Portland, Oregon with Criminal Trespass II.  As a result, on December 15, 2015, United States Probation Officer (USPO) Dan Painter submitted a petition for a warrant and order to show cause alleging that probable cause established that a violation of supervised release had been committed and recommending that the

---

[1] After the motion was fully briefed, the grand jury returned a superseding indictment on July 26, 2016.  The only difference between the two indictments is the date on which Defendant was alleged to have been previously removed from the United States.  Defendant was arraigned on the superseding indictment at oral argument on the motion.  I construe the motion to dismiss to be directed at the superseding indictment.

Court issue a warrant and order to show cause why Defendant's term of supervised release should not be revoked. 2013 Case, ECF 150. The USPO alleged that Defendant's actions violated two conditions of Defendant's supervised release: (1) "Standard Condition No. 2 (New Law Violation - Criminal Trespass II)" and (2) violation of "Special Condition No. 3 (Unauthorized Reentry)." I signed the Order and a warrant issued. Id.; ECF 151.

On January 25, 2016, while in custody, Defendant was contacted by Immigration & Customs Enforcement (ICE) agents. Ex. B to Mot. to Dismiss Indictment, ECF 12. The "Notice of Intent/Decision to Reinstate Prior Order" indicates that at that time, Defendant was told that the government intended to reinstate the November 7, 2012 order of removal previously entered against him. Id. The Notice makes the determinations that Defendant is an alien subject to a prior order of removal entered on November 7, 2012, that he is an alien who was removed on June 4, 2014 pursuant to an order, and that he illegally reentered the US on or about June 4, 2014 at or near an unknown location. Id. In the "Acknowledgment and Response" section of the Notice, the box for "I do not wish to make a statement contesting this determination" is checked, and then, in the place for his signature, "Refuses to Sign" is written. Id.

The docket in the 2013 case shows that Defendant made his initial appearance on the alleged supervised release violations before Magistrate Judge Beckerman on December 23, 2015. 2013 Case, ECF 154. Defense counsel was appointed at that hearing. Thus, at the time ICE agents interviewed Defendant on January 25, 2016, Defendant was represented by counsel as to the supervised release violation charges.

Defendant argues that the indictment must be dismissed because it was an egregious violation of his Sixth Amendment right to counsel for the ICE agents to interview him without

notice to counsel or without counsel present.[2]  Defendant argues that the violation is particularly egregious in this case because before the ICE agent interview, counsel had already filed a motion to assess Defendant's mental competency.

The Government argues that because there was no new law violation of illegal reentry alleged at the time, Defendant's Sixth Amendment rights regarding illegal reentry were not at issue at the time ICE agents asked Defendant if he wanted to make a statement about reinstating the prior deportation order.  The law provides that the right to counsel is "offense specific" and does not automatically attach to other offenses for which the defendant has not been charged. McNeil v. Wisconsin, 501 U.S. 171, 175 (1991) ("The Sixth Amendment right, however, is offense specific. It cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced, that is, at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment") (internal quotation marks omitted); Texas v. Cobb, 532 U.S. 162, 168 (2001) (rejecting argument that McNeil's offense-specific definition created an exception for crimes that are "factually related" to a charged offense).  The right includes only uncharged offenses that constitute the "same offense" as the one an accused has been formally charged with committing. See id. at 172-73.  Here, Defendant was not charged with illegal reentry until he was indicted on February 10, 2016.  Thus, Defendant's Sixth Amendment rights were not violated by the ICE agents asking him if he wanted to make a statement about the reinstatement of the prior deportation order.

---

[2]  Defendant also argued that the indictment must be dismissed because the underlying removal order is invalid.  I orally denied that part of the motion at the July 27, 2016 oral argument.

Even if Defendant's Sixth Amendment rights had attached to the indicted charge, or even if the alleged supervised release violation of unauthorized reentry (which was not characterized in the USPO petition as a new law violation), is viewed as the "same offense" as the indicted charge, Defendant fails to establish that the government intruded on that relationship sufficient to warrant any sanction, much less dismissal.  Under Ninth Circuit law, Defendant must show that any intrusion into the attorney-client relationship resulted in substantial prejudice.  United States v. Danielson, 325 F.3d 1054, 1070 (9th Cir. 2003).  "Substantial prejudice results from the introduction of evidence gained through the interference against the defendant at trial, from the prosecution's use of confidential information pertaining to defense plans and strategy, and from other actions designed to give the prosecution an unfair advantage at trial."  Id. (internal quotation marks omitted).  Defendant fails to make the required showing.  There is no evidence that the ICE agents obtained any evidence, statements, or information at all as a result of their conversation.  Thus, not only was nothing gained, there is no prejudice.

CONCLUSION

Defendant's motion to dismiss the indictment [12] is denied.

IT IS SO ORDERED.

Dated this _____ day of _____, 2016

Marco A. Hernandez
United States District Judge

5 - OPINION & ORDER